JUAN ARRACHE BATTISTINI ET AL., Plaintiffs and Appellants, *v.* MICAELA MÉNDEZ, ETC., Defendant and Appellee.

No. 5471. Argued May 26, 1931.—Decided May 31, 1932.

*E. Arrache Battistini* and *Francisco A. González Suárez* for appellants. *José Veray, Jr.,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was a suit to recover possession of a piece of land in the ward of Montaña of Aguadilla. The court decided in favor of the defendant. With regard to the facts, the court, after reviewing the pleadings, held that the defendant many years before had lived on the piece of property together with her father and after his death, as a head of a family she continued to live on a piece of land of two acres, the

object of the suit, fenced in with "maya" and containing minor fruits and coconut trees, the occupant devoting herself to the cultivation of minor fruits; that prior to the 13th of September, 1928, one of the complainants proposed a transaction (*negocio*) by which the defendant should transfer her house to other land, about which they did not come to an agreement; that the cyclone of 1928 destroyed the house of the defendant and that within the same described piece of land she put up a hut beneath a tree and afterwards constructed a house on the same land where she was living at the time of the presentation of the complaint.

The court proceeded to examine the evidence to see whether the defendant was merely living on the land with the consent of the plaintiffs and then found that in this regard it was sufficient to take the evidence of the plaintiffs themselves, whose witnesses said that the land was an inheritance from the father of the defendant who sold it to the plaintiffs' father, despite which fact they allowed the defendant to sow and harvest the fruits; that the complainants collected the coconuts produced by the palms in the parcel of two acres and that they also opened a ditch which ran across the said parcel. The court then held that from these facts the situation of the defendant was totally distinct from what the plaintiffs tried to set up; that the property of the defendant was perfectly fenced in and, while other small farmers (*agregados*) were in possession of small pieces of land containing coconut palms, the piece of property occupied by the defendant had, besides, various fruits cultivated by her exclusively; and that if she consented to the opening of the ditch or the continuation of the same across her two acres this was due to the fact that the canal benefited her lands and was convenient to her.

The court then held that the acts by which the plaintiffs attempted to get possession of the land ceased before the 13th of September, 1928, and that the original complaint in this case was not filed before the 27th of September, 1929.

The facts found by the court, we think, were sufficiently demonstrated by the evidence, and we find no passion or prejudice.

At the trial the plaintiffs asked for a judgment on the pleadings because the answer contained negatives pregnant. The court overruled the motion on the ground that this was a summary proceeding in which the court did not think it ought to be strict but give the defendant the benefit of the doubt so far as the negatives pregnant were concerned; that it was not a case like one to recover money in which the answer could readily contain a negative pregnant. Furthermore, the appellee points out that liberally interpreted the answer could be taken as sufficiently denying so far as necessary the facts of the complaint.

We find it unnecessary to consider at any great length the matter of a negative pregnant because we consider that the complaint itself does not state a cause of action. The complaint in effect said that until the 29th of September, 1928, the plaintiffs were in possession of a piece of land (describing it); that in said piece of land, with the consent, tolerance and license of the plaintiffs, the defendant lived and, with the permission of the plaintiffs, cultivated the said piece of land; that toward the end of August or the beginning of September, 1928, the plaintiffs informed the defendant that thereafter she could not continue living on said piece of land nor cultivating it; that they offered two different places within the same ward where the defendant might put her house and offered also to move the same; that the defendant asked for some days within which to decide which course to take but that on the 13th of September, 1928, the house of the defendant was destroyed by the cyclone; that the plaintiffs notified the defendant that she could not reconstruct her house on the said land nor continue to cultivate it; that despite this notice the defendant reconstructed her house on the said land; that the defendant is in possession of said land from the 29th of September, 1928, against the will of the complainants and

from that date has continued the cultivation of the same against the will of the complainants.

Reading this complaint it is evident that the absolute physical possession of the defendant is admitted up to September, 1928, or at any other time. We have the idea that an interdict does not lie to remove a small farmer (*agregado*) or any other person suffered to cultivate and live on the land of a particular owner. Such a possession by a defendant is in the nature of a tenancy at will and a possessory action does not lie to remove such a person. Therefore, the complaint in our opinion fails to state a cause of action and the alleged negatives pregnant were not important.

We may say likewise that as the complaint did not and could not state a cause of action the judgment must be affirmed solely on that ground.

There were two other assignments of error. One of them related to the refusal of the court to admit a certificate from the registry to show the ownership in the plaintiffs of the land sought to be recovered. Where a title is necessary to prove possession perhaps a document may be admitted, but we agree with the court that in this sort of a proceeding titles are not to be proved and the case presented no exception. In any event, under the facts of this case there was no prejudice.

The third assignment, saying that the court erred in not admitting in rebuttal certain documentary evidence, is not sufficiently specific, covers a matter similar to the second assignment, and need not be discussed.

The judgment will be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.